IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHERRI L. MILES | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 05-5892 |
| vs. | : | |
| | : | |
| MICHAEL J. ASTRUE,[1] COMMISSIONER | : | |
| SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## ORDER & MEMORANDUM

### O R D E R

**AND NOW**, this 9th day of March, 2007, after careful and independent consideration of Plaintiff's Motion for Summary Judgment (Document Number 5, filed February 13, 2006), Defendant's Brief in Opposition to Plaintiff's Motion and in Support of Defendant's Motion for Summary Judgment (Document Number 7, filed March 13, 2006), and Plaintiff's Brief in Reply to Defendant's Brief in Support of Defendant's Motion for Summary Judgment (Document Number 9, filed August 10, 2006); and upon review of the Report and Recommendation of United States Magistrate Judge Carol Sandra Moore Wells dated September 15, 2006 (Document Number 10, filed September 15, 2006) and Plaintiff's Written Objections to the Report and Recommendation of the United States Magistrate Judge (Document Number 11, filed September 26, 2006), **IT IS ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Carol Sandra

---

[1] Michael J. Astrue became the Commissioner of the Social Security Administration effective February 12, 2007, to succeed Jo Anne B. Barnhart. Under Fed. R. Civ. P. 25(d)(1) and 24 U.S.C. § 405(g), Michael J. Astrue is automatically substituted as defendant in this action.

Moore Wells dated September 15, 2006 is **APPROVED** and **ADOPTED**;

    2. Plaintiff's Written Objections are **OVERRULED**;

    3. Plaintiff's Motion for Summary Judgment is **DENIED**;

    4. Defendant's Motion for Summary Judgment is **GRANTED**; and

    5. The decision of the Commissioner that denied disabled insurance benefits and supplemental security income is **AFFIRMED**.

## MEMORANDUM

**I.     INTRODUCTION**

    Plaintiff, Sherri L. Miles, filed this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.  Each party filed a motion for summary judgment.  Pursuant to Local Civil Rule 72.1(1)(d)(1)(c), the Court referred the case to United States Magistrate Judge Carol Sandra Moore Wells for a Report and Recommendation.

    The Magistrate Judge submitted a Report and Recommendation on September 15, 2006, in which she recommended that Plaintiff's Motion for Summary Judgment be denied, Defendant's Motion for Summary Judgment be granted, and the final decision of the Commissioner that denied disability insurance benefits be affirmed.  Defendant filed timely objections to the Report and Recommendation.  For the reasons that follow, the Court overrules plaintiff's objections, and approves and adopts the Report and Recommendation.  Accordingly, the Court denies Plaintiff's Motion for Summary Judgment, grants Defendant's Motion for Summary Judgment, affirms the decision of the Commissioner, and enters judgment in favor of

the Commissioner and against plaintiff.

**II.     BACKGROUND**

The background of this case is set forth in detail in the Magistrate Judge's Report and Recommendation, and will be recited in this Memorandum only as necessary to address the issues presented.

On September 3, 2003, plaintiff filed her claim for DIB, alleging disability since August 28, 2002 as a result of a fracture of her right lateral malleolus, chronic reflex sympathetic dystrophy ("RSD"), stress fractures of the 2nd and 3rd metetarsales in her right foot, depression, and anxiety.  (Rep. and Rec. at 1.)  Plaintiff was thirty-five years old at the time of the Administrative Law Judge's ("ALJ") decision on October 22, 2004.  Plaintiff is married and resides in a two-story home with her husband.   She is a highschool graduate and has relevant work experience as a store manager.  (Id. at 3.)

At the administrative hearing, plaintiff testified that, on June 8, 2002, she fell in front of her home and injured her right foot.  She stated that her work as a store manager required her to work nine to twelve hours a day, standing for a majority of the time, and routinely lifting thirty to forty pounds.  Plaintiff testified that she returned to work in June and July, using crutches and wearing a brace, until her doctor ordered her to stop and a bone scan identified two fractures.  According to plaintiff, she experienced pain, sweating, swelling, pressure, and burning sensations in her right foot, after which she was diagnosed with RSD.  (Id.)

The ALJ found that plaintiff had residual functional capacity to perform the full range of sedentary work, and was therefore not disabled.  (Id.)

**III.    STANDARD OF REVIEW**

Under the Social Security Act, a claimant is disabled if she is unable to engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to . . . last for a continuous period of not less that twelve (12) months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505.  Under the medical-vocational regulations, as promulgated by the Commissioner, the Commissioner uses a five-step sequential analysis to evaluate disability claims. This requires the Commissioner to consider, in sequence, whether a claimant: (1) is currently employed; (2) has a severe impairment; (3) has an impairment which meets or equals the requirements of a listed impairment; (4) can perform past relevant work; and (5) if not, whether the claimant is able to perform other work in view of her age, education and work experience. 20 C.F.R § 404.1520; Williams v. Sullivan, 970 F.2d 1178, 1180 (3d Cir. 1992).  The claimant bears the initial burden of proving the existence of a disability. 42 U.S.C. § 423(d)(5) (2004).  To satisfy this burden, a claimant must establish an inability to return to his or her former work.  Once the claimant makes this showing, the burden of proof shifts to the Commissioner to show that the claimant, given her age, education and work experience, has the ability to perform specific jobs that exist in the economy.  Rossi v. Califano, 602 F.2d 55, 57 (3d Cir. 1979).

Judicial review of the Commissioner's final decision is limited.  This Court is bound by the factual findings of the Commissioner if they are supported by substantial evidence and decided according to correct legal standards.  Allen v. Brown, 881 F.2d 37, 39 (3d Cir. 1989). "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a decision.  Richardson v. Perales, 402 U.S. 389, 401 (1971); Jesurum v. Sec. of the

4

United States Dep't of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995). Substantial evidence is more than a mere scintilla, but may be less than a preponderance. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

A district court judge makes a *de novo* determination of those portions of a magistrate judge's report and recommendation to which objection is made, 28 U.S.C. § 636(b)(1)(c). The Court may "accept, reject or modify, in whole or in part, the magistrate's findings or recommendations." Brophy v. Halter, 153 F. Supp. 2d 667, 669 (E.D. Pa. 2001).

### IV.     DISCUSSION

Plaintiff argues in the Objections that: (1) the ALJ violated Social Security Regulation ("SSR") 96-7p by failing to explicitly mention a Social Security Administration employee's observation; and (2) the ALJ failed to properly assess plaintiff's subjective complaints and limitations. The Court addresses each of plaintiff's objections to the Report and Recommendation in turn.

#### A.     Objection Number 1

During plaintiff's September 8, 2003 disability interview, a Social Security employee checked a box to denote that plaintiff had difficulty sitting, and recorded that plaintiff "stood a few times during [the] interview [and] had to walk around a bit due to [her] mental condition." (Tr. at 73.) Plaintiff argues that, because the ALJ failed to make explicit reference to this lay observation, the ALJ violated SSR 96-7p by failing to consider observations made by a Social Security employee. (Pl. Obj. At 1.) According to plaintiff, it is insufficient that the ALJ stated that he "reviewed all of the evidence of record" prior to concluding that plaintiff was disabled. The Court concludes that, although this statement is not dispositive of whether the ALJ in fact

considered the lay opinion of the Social Security employee, see Carter v. Apfel, 220 F.Supp.2d 393, 397 (M.D. Pa. 2000), the ALJ's failure to expressly discuss the Social Security employee's lay observation does not mandate remand or reversal in this case.

"The ALJ must consider all relevant evidence when determining an individual's residual functional capacity in step four." Fargnoli v. Massanari, 247 F.3d 34, 41 (3d Cir. 2001) (citing 20 C.F.R. §§ 404.1527(e)(2), 404.1545(a), 404.1546; Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 121 (3d. Cir. 2000)). Regulation 96-7p provides that, "[i]n evaluating the credibility of the individual's statements, the adjudicator must also consider any observations recorded by the SSA personnel who previously interviewed the individual . . . ." An ALJ need not, however, explicitly reference every piece of evidence and testimony submitted. See Fargnoli, 247 F.3d 34 (noting that the ALJ need not "make reference to every relevant treatment note in a case where the claimant . . . has voluminous medical records"). Under Third Circuit law, to determine whether remand is appropriate, the Court must assess whether the data in question would have affected the outcome of the case. Rutherford v. Barnhart, 399 F.3d 552 (3d Cir. 2005).

Plaintiff relies upon Carter v. Apfel, 220 F.Supp.2d 393, 397 (M.D. Pa. 2000), which held that the ALJ's failure to address a lay observation, in conjunction with the ALJ's failure to assign weight to Plaintiff's doctors' opinions and other substantial omissions, required reversal and remand. In contrast to Carter, the instant case involves a single and unsubstantial omission by the ALJ. The lay observations at issue in this case were not objective in nature, but rather described external behavior (e.g., standing up during the interview process) within the control of plaintiff. Moreover, the lay observations were brief in comparison to the medical assessments

relied upon by the ALJ in determining plaintiff's capacity to sit and stand.  (See Tr. at 19-20, 198, 248.)  Thus, the Court concludes that neither reversal nor remand is appropriate with respect to this minor and harmless omission, and that the factual findings of the Commissioner are supported by substantial evidence.

**B.     Objection Number 2**

Second, plaintiff argues that the ALJ failed to properly credit plaintiff's testimony regarding her pain and limitations.  The Court disagrees.  A plaintiff's statements regarding pain are evaluated "in relation to the objective medical evidence . . . ."  20 C.F.R. § 416.929.  In this case, the ALJ specifically accorded credence to plaintiff's expressions of pain while finding no total incapacitation.  As the ALJ stated, plaintiff "has reflex sympathetic dystorphy/regional pain syndrome *accompanied by susbtantial pain*, but not of the most intense type."  (Tr. at 20 (emphasis added).)  The ALJ explained that the opinions of Dr. Jiang and Dr. Dolan are "inconsistent with any conclusion that the claimaint suffers incapacitating pain."  (Id.)  Moreover, the ALJ explained that plaintiff's "ability to refrain from the use of all analgesics for a period of 9 months is inconsistent with completely incapacitating pain."  (Id.)  Based on that record, the Court concludes that the ALJ articulated proper reasons for rejecting plaintiff's subjective complaints, and as such the factual findings are supported by substantial evidence.

V.      **CONCLUSION**

For the foregoing reasons, the Court overrules plaintiff's objections, and approves and adopts the Report and Recommendation.  Accordingly, the Court denies Plaintiff's Motion for Summary Judgment, grants Defendant's Motion for Summary Judgment, affirms the decision of the Commissioner, and enters judgment in favor of the Commissioner and against plaintiff.

                                                            **BY THE COURT:**


                                                            **/s/ Honorable Jan E. DuBois**

                                                            **JAN E. DUBOIS, J.**